UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRE JOHNSON,

     Plaintiff,

v.                              Case No: 8:24-cv-2164-KKM-TGW

ANDREW D. CRIPPEN, et al.,

     Defendants.

_____

## ORDER

Andre Johnson, appearing pro se, sues Andrew Crippen, Judge Kimberly Campbell, and Jasmine Smith in this § 1983 action. Compl. (Doc. 1). The case relates to the custody of Johnson's daughter and related dependency proceedings. *Id.* at 4–8. Crippen represents the state of Florida in dependency proceedings, Judge Campbell is a Florida state judge, and Smith serves as a case manager at a nonprofit. *Id.* at 2–3, 7. Johnson alleges violations of the Due Process Clause, the Sixth Amendment, the Seventh Amendment, 18 U.S.C. § 242 (among other federal and state provisions), and seeks injunctive relief, such as an "order directing release" of his daughter to his custody. *Id.* at 3, 9.

Although Johnson is proceeding pro se, he must comply with court rules, including the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). One such rule is Federal Rule of Civil Procedure 8(a)(2), which requires a complaint

to include "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy Rule 8(a)(2), a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Johnson fails to do so, with respect to Judge Campbell, at the least.

Johnson's claim against Judge Kimberly Campbell is barred by absolute immunity. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of [her] court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). This immunity extends to almost every suit seeking injunctive relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006) ("[Section 1983] explicitly immunizes judicial officers against suits for injunctive relief."). Johnson does not allege that either statutory exception applies, and because Johnson's claims are predicated on one of Judge Campbell's rulings in dependency proceedings, Compl. at 5, 7, his suit comes squarely within absolute judicial immunity, *see McCullough*, 907 F.3d at 1330 ("When we decide whether a judge enjoys absolute judicial immunity for a particular act, we ask

whether the judge acted in his judicial capacity."). Therefore, Johnson's claim against Judge Campbell must be dismissed.

With respect to Crippen and Smith, Johnson fails to plausibly allege that he has standing to sue them for the relief sought, and thus fails to establish that this Court has jurisdiction to adjudicate his claims. *See Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991) ("[S]tanding is jurisdictional."). To have standing, the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016). My concern is primarily with the third element here. Johnson alleges that he was deprived of custody of his child. Compl. at 6. But with respect to Crippen and Smith, Johnson's complaint fails to show how the injunctive relief he seeks—an order directing the release of his daughter into his custody, see *id.* at 9—will redress this injury. Johnson does not allege that either Crippen, an assistant state attorney, or Smith, a case manager at a nonprofit, have custody of Johnson's daughter. *See* Compl. at 6 (alleging that this daughter "is still currently in the care custody of Mary Harrison"). Nor does he allege that either Crippen or Smith have the authority to make custody decisions. Because "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court," *Steel Co. v. Citizens for*

*a Better Env't*, 523 U.S. 83, 107 (1998), Johnson's failure to plausibly allege redressability with respect to Crippen and Smith requires dismissal of his claims.

Even if Johnson cures his standing problem, his claims still face an uphill battle. For example, with respect to Smith, Johnson must, in any amended complaint, plausibly allege the two elements of a section 1983 claim. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States."). Johnson alleges that Smith is an employee of Lutheran Services, a private organization. Compl. at 7. "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey*, 949 F.2d at 1130. From the complaint, it is impossible to tell whether this is one of those circumstances. Also, although Johnson baldly alleges that all three defendants violate provisions of federal law, Compl. at 3, his statement of the facts mentions only a violation of state law with respect to Smith, *id.* at 7. Therefore, in their current state, Johnson's allegations do not allow me to "draw the reasonable inference that [Smith] is liable for" a violation of Johnson's federal rights. *Iqbal*, 556 U.S. at 678.

Accordingly, it is **ORDERED**:

1.      The complaint (Doc. 1) is **DISMISSED**.

2.      Johnson's claim against Judge Campbell is **DISMISSED with prejudice** due to absolute judicial immunity. Johnson's claims against Crippen and Smith are **DISMISSED without prejudice**. No later than **February 13, 2025**, Johnson may file an amended complaint addressing the deficiencies noted above.

3.      Failure to file a timely amended complaint will result in final dismissal of this action without further notice. In other words, the action will end without another opportunity to amend the complaint.

**ORDERED** in Tampa, Florida, on January 23, 2025.

Kathryn Kimball Mizelle
United States District Judge